UNITED STATES, Appellee

v.

ROBERT L. NASH, Private First Class,
U. S. Marine Corps, Appellant

1 USCMA 538, 4 CMR 130

LT. A. J. Amico, USNR, for Appellant.
CAPT. Francis C. Foley, Jr., USMCR, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was charged with desertion in violation of Article 8, paragraph 21, of the Articles for the Government of the Navy, 34 USC § 1200. The charge was based on an unauthorized absence from January 29, 1951, to April 4, 1951. The trial by general court-martial commenced on May 28, 1951, and proceeded to arraignment. At this point, trial was adjourned until June 8, when it was completed with a conviction on the charge and a sentence of reduction to the rank of private, confinement for two years, dishonorable discharge, and all the accessories of this sentence as prescribed by Section 622, Naval Courts and Boards. The convening authority approved and a Navy board of review affirmed without opinion. We granted petition for review.

Since this trial commenced prior to May 31, 1951, trial procedure was governed by the Articles for the Government of the Navy, supra, and Naval Courts and Boards, 1937. It is urged first that remarks contained in the closing argument of the trial judge advocate (prosecutor) constituted prejudicial error. The statements in question are as follows:

"As far as the other evidence is concerned, presented by the accused, it comes down to just this in my mind. Let's not let this word 'intent' confuse the issue, if the court pleases. A man cannot pick up a pistol and place it on another man's head and pull the trigger and say he did not intend to kill him. I cannot take your pocketbook out of your pocket and use the money for my own purposes and say I did not intend to steal it. I cannot leave this Marine Corps for a period of fifty or sixty days and say I did not intend to desert. That is not what the word 'intent' means. It means that he intended his actions and intended the normal, ordinary, usual results of his actions. If a member of the naval service absents himself for a period of forty, fifty, sixty, or a hundred days, he intended to desert and there is no question about it.

.  .  .  .  .  .  .  .  .

"In a way, I hesitate to say this because I am convinced in my own mind, and I think it will be a long day before such a clear case comes before this court, that the accused is guilty of desertion, and I feel that he has been so proved; however, I suppose it is my duty to mention the fact that the lesser included offense in this charge would be unauthorized absence for the same period of time, if the court sees fit."

It is urged by defense that these remarks constituted prejudicial error. To resolve this question, it is necessary to delineate the duties and responsibilities of the judge advocate in a general court-martial trial under the Articles for the Government of the Navy, supra. Naval Courts and Boards, 1937, Section 400, provides as follows:

"Duties of judge advocate during trial.—During the trial the judge advocate conducts the case for the Government. He executes all orders for the court; reads the convening orders; administers the oath to the members, reporter, and interpreter; arraigns the accused; examines witnesses; and is responsible for the keeping of a complete and accurate record of the proceedings.

"While the court is in open session,

it is the duty of the judge advocate to advise the court in all matters of form and of law. On every occasion when the court demands his opinion he is bound to give it freely and fully; and, even when it is not requested, to caution the court against any deviation from essential form and its proceedings, or against any act or ruling in violaton of law or material justice.

"He shall at all times exercise great care in regard to the authenticity of any statements he may make to the court.

"The accused and his counsel have a right to the opinion of the judge advocate, in or out of court, upon any question of law arising out of the proceedings. The judge advocate shall acquaint himself with the rules of evidence, and apply them in determining the admissibility of evidence. He shall offer only such evidence as is properly admissible. When in doubt, he shall offer the evidence. The judge advocate is particularly to object to the admission of proper evidence, and he shall point out to the court the irrelevancy of any evidence that may be adduced which does not bear upon the matter under investigation. Should the advice of the judge advocate be disregarded by the court, he shall be allowed to enter his opinion upon the record. Under such circumstances it is also proper for the court to record the reasons for its decision. The minutes of opinion and decision are made for the information of the reviewing authority, who should have the error, on whichever side it may be found, brought fairly under his consideration, but neither the judge advocate, the accused, nor any member of the court has any right to enter an exception or protest on the record."

It is apparent from these provisions that the Navy trial judge advocate occupied a status differing materially from that of the present trial counsel and the civilian prosecuting attorney. There was, under pre-existing Navy general court-martial procedure, no law officer or other person performing such

540

a similar function. Rulings on interlocutory questions of law were made by the president of the court, subject to change by a majority of the members of the court. Neither the president of the court nor any of the members were required to be legally trained. Navy procedure provided, therefore, that "the judge advocate should be an officer who is skilled in the law." Naval Courts and Boards, 1937, Section 330. It was the duty of this officer to "advise the court in all matters of form and of law." Section 400, supra. It is clear from these provisions that the judge advocate occupied a dual position. As prosecutor, he was required to present the prosecution case in the best legal manner. As adviser to the court and the accused, he was required to maintain, on issues of law, an impartiality based upon accurate knowledge of the law. "He shall at all times exercise great care in regard to the authenticity of any statement he may make to the court." Section 400, supra.

This view of the status of the judge advocate is buttressed by pre-existing Naval case law. In United States v. Watkins (4–51–S–34,) the accused was charged with striking a commissioned officer. In his closing argument, the recorder (Navy summary court, counterpart of the judge advocate) stated that it was not necessary for the accused to have known that his victim was a superior officer. The Navy board of review reversed because of the erroneous statement of law by the recorder. In CMO 321–1919, page 12, the Navy Judge Advocate General condemned an improper statement of law by the judge advocate, and added: "He should be careful not to make any misstatements of law or fact because of his advisory status to the court and his duty to safeguard the ends of justice." See also the following Navy CMO's: 25–1916, page 3; 147–1919, page 2; 321–1919, page 12; 3–1932, page 10; 7–1932, page 15; 10–1935, page 8; 11–1942, page 382; 2–1939, page 213.

Here, the accused was charged with desertion. The offense requires an unauthorized absence coupled with an intent to remain absent permanently.

The prosecution proved an absence of 65 days. The accused, in testifying in his own behalf, admitted the absence but denied the intent. It was brought out by defense that he wore his uniform numerous times while absent; that he made no effort to return to his home or seek civilian employment, and that he remained in the city where his unit was located. This conflicting evidence as to intent presented a question of fact to the court. It cannot be said that the prosecution evidence is so clear as to preclude the court from reaching the conclusion that the accused did not intend to remain absent permanently.

Despite this factual posture of the case, the judge advocate informed the court that it is impossible to leave the Marine Corps for a period of over forty days and not intend to desert. This is not a correct statement of the law. United States v. McCrary (No. 4), 1 USCMA 1, 1 CMR 1, decided November 8, 1951. The judge advocate went much further than commenting on the evidence. He, acting as legal adviser, told the court that "If a member of the naval service absents himself for a period of forty, fifty, sixty, or a hundred days, he intended to desert *and there is no question about it.*" [Emphasis supplied] This amounts to an instruction withdrawing from the court the question of the accused's intent. The judge advocate also stated that he was convinced in his own mind that this was a "clear case" of desertion. Reluctantly, he added that "I suppose it is my duty to mention the fact that the lesser included offense in this charge would be unauthorized absence for the same period of time, if the court sees fit." In practical effect, this amounted to an instruction that the lesser included offense was not warranted by the evidence. This, in view of the evidence in the case, also constituted a violation of his duty.

We conclude that, in view of the special status of the judge advocate and the close factual question presented by the evidence in this case, the argument of the judge advocate constituted prejudicial error. The decision of the board of review is reversed and a rehearing is ordered.

Judges LATIMER and BROSMAN concur.